## Heironimus *vs.* Harris.

ORD. PET.

Case 26.

### ERROR TO MERCER CIRCUIT.

Two individuals buy two watches of the same man on a credit, and it is agreed, in writing, between them, the vendor assenting, that if Scott is chosen president at the ensuing election one pays for both watches, and if Scott is not chosen the other pays. Held, that the note is valid in the hands of the vendor or his assignee, and enforcible.

Chief Justice HISE delivered the opinion of the court.

January 12.

Case stated.

The only question worthy of notice presented in this record, is whether an action can be maintained, and a recovery had, by the obligee or his assignee upon the following contract:

" We, the undersigned, have each purchased of J. W. W. Smith a gold watch, for the sum of fifty-five dollars for each watch, both amounting to $110, and agree to pay for the same when the election of president is decided, upon the following conditions, viz: If Gen. Winfield Scott is elected James M. Alexander pays the amount, and D. C. Heironimus takes both watches, and if Gen. F. Pierce is elected D. C. Heironimus pays for the watches, and James M. Alexander takes them.

"August 9, 1852.    Signed by
                    JAMES M. ALEXANDER,
                    D. C. HEIRONIMUS."

Held, that although, as between Alexander and Heironimus, this contract is based upon an illegal consideration, and therefore contrary to the policy of the law, and void, yet, as between the said obligors and Smith, or his assignee, it is valid and binding. Because Smith is the mere vendor of the two watches to the obligees, agreeing to look to the one or the other, severally, for payment for both after the election of either Gen. Scott or Gen. Pierce, as president, as the one or the other of the candidates should be chosen. Smith's right to demand the money for the watches, by the terms of the contract, did not depend

Two individuals buy two watches of the same man on a credit, and it is agreed, in writing, between them, the vendor assenting, that if Scott is chosen president at the ensuing election, one pays for both watches, and if Scott is not chosen, the other pays. Held, that the

HEIRONIMUS
*vs.*
HARRIS.

note is valid in the hands of the vendor or his assignee, and enforcible.

upon the election of the one or the other of the presidential candidates. After the election should terminate he had a right to demand and recover the price of the two watches from Alexander if the election resulted in favor of Gen. Scott, and of Heironimus if it terminated in favor of Pierce. Smith's assignee avers, in his petition, that the election did terminate in favor of Pierce, and demands a judgment against Heironimus, and his right to a recovery cannot be defeated by the defendant upon the ground that either before, at the time, or after the purchase was made, he and Alexander, whether with or without the *knowledge merely* of Smith, agreed to risk the watches in a bet upon the result of the presidential election: in other words, the consideration which vitiates the contract between the obligors cannot effect Smith's right of recovery, for his demand as against them is founded upon a consideration totally different, to-wit : The sale and delivery of the watches to them, and he can in no wise be held to have forfeited his right to payment, because of the unlawful purpose and *design*, if such it was, of the obligees, to hazzard the watches, as between themselves, upon the result of the presidential election.

The contract in question does not come within the provisions of the 1*st section of chapter* 42, *Revised Statutes*, 367, because it does not appear, from the proof in the cause, nor the contract in suit, that Smith *lent* or *advanced* the watches with the design and for the purpose, on his part, that they should be used in *gaming* or *wagering*, but on the contrary it does appear, as a legitimate presumption arising upon the written contract, that Smith actually *sold* the watches to the obligees upon the terms stated, and for the lawful consideration, purpose, and motive of receiving the price upon the contingencies stated from the one or the other of the obligors, and to make lawful gain and profit thereby. It is not stated in the contract, nor in proof *aliunde*, that the watches were loaned or advanced for gaming purposes, and does not follow that

such was the purpose of Smith, because the purchasers intended to make such use of the property purchased.

Wherefore, as there appears to be no errors in the proceedings or instruction as given or refused in the lower court to defendant's prejudice, the judgment is affirmed.